# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| PARUS HOLDINGS INC. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION No. 6:19-cv-00432-ADA |
| APPLE INC. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | **[LEAD CASE]** |
| | § | |

| | | |
|---|---|---|
| PARUS HOLDINGS INC. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION No. 6:19-cv-00437-ADA |
| LG ELECTRONICS INC. and LG | § | |
| ELECTRONICS U.S.A., INC. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT LG'S OPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

**TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND ................................................................................................. 1

    A. Third-Party Google Witnesses And Evidence Are Located In NDCA .................. 1

    B. Third-Party Prior Art Witnesses And Evidence Are Located In NDCA ............... 2

    C. Relevant LG Witnesses And Evidence Are Located In NDCA ............................ 3

    D. Relevant Parus Witnesses And Evidence Are Located In NDCA ......................... 4

II. LEGAL STANDARD ............................................................................................................. 4

III. NDCA IS A CLEARLY MORE CONVENIENT FORUM THAN WDTX ...................... 4

    A. This Case Could Have Been Filed In NDCA ........................................................ 5

    B. All Private Interest Factors Heavily Favor Transfer To NDCA ............................ 5

        1. Cost Of Attendance For Willing Witnesses ................................................ 5

        2. Relative Ease Of Access To Sources Of Proof ........................................... 8

        3. Availability Of Compulsory Process ........................................................... 8

        4. Practical Problems For An Easy, Expeditious, And Inexpensive Case ................................................................................................................. 9

    C. The Public Interest Factors Weigh In Favor Of Transfer ................................... 10

IV. CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

**CASES**

*Datascape, Ltd. v. Dell Techs., Inc.*,
   2019 WL 4254069 (W.D. Tex. June 7, 2019) ............................................................................. 8

*Fintiv Inc. v. Apple Inc.*,
   2019 WL 4743678 (W.D. Tex. Sept. 13, 2019), *aff'd sub nom. In re Apple
   Inc.*, No. 2020-104 (Fed. Cir. Dec. 20, 2019) ...................................................................... 8, 10

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010) ............................................................................................ 7, 10

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................ 5, 10

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ................................................................................................. 5

*In re Volkswagen of Am. Inc.*,
   545 F.3d 304 (5th Cir. 2008) ............................................................................................ 4, 6, 7

*Parus v. Amazon*,
   No. 6:19-cv-454 ................................................................................................................... 9, 10

*Parus v. Apple*,
   No. 6:19-cv-432 ......................................................................................................................... 9

*Parus v. Samsung*,
   No. 6:19-cv-438 ......................................................................................................................... 9

*Polaris Innovations Ltd. v. Dell, Inc.*,
   2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ....................................................................... 5, 8

*VLSI Tech., LLC v. Intel Corp.*,
   No. 6:19-cv-254, Dkt. 78 (W.D. Tex. Oct. 7, 2019) ................................................................. 6

*Wet Sounds, Inc. v. Audio Formz, LLC*,
   2017 WL 4547916 (W.D. Tex. Oct. 11, 2017), *report and recommendation
   adopted*, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018) ........................................................... 7

*XY, LLC v. Trans Ova Genetics, LC*,
   2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ............................................................................ 8

**STATUTES**

28 U.S.C. § 1404(a) ....................................................................................................................... 1, 4

Pursuant to 28 U.S.C. § 1404(a), Defendants LG Electronics Inc. and LG Electronics USA, Inc. ("LGEUS") (collectively, "LG") seek transfer of this action to the Northern District of California ("NDCA"). The lawsuit by Plaintiff Parus Holdings Inc. ("Parus") against LG should be transferred to NDCA because the most important third party witnesses in this litigation are Google's engineers who have knowledge of how the accused Google Assistant functionality operates. Most of those engineers are located in NDCA, while none are located in the Western District of Texas ("WDTX"). In addition, NDCA was a hub for development of commercially available prior art telephonic web browsing systems and intelligent agents which predate Parus's alleged inventions. Such witnesses are located in NDCA and not in WDTX. The convenience of third-party witnesses is an important factor in the transfer analysis that points unambiguously to NDCA as the proper venue.

The relevant party witnesses and documents are also located in NDCA and not WDTX. LG's engineers knowledgeable about the integration of Google Assistant with LG's Android devices are located in NDCA. And Parus itself has witnesses in NDCA—Chief Technical Officer Salil Pradhan and Chief Marketing Officer Darius Reneau. Conversely, neither Parus nor LG has any relevant connections to this District. LG does not have a single relevant document, witness, or employee in WDTX, and Parus has no ties to this District whatsoever. NDCA is the clearly more convenient forum.

## I. FACTUAL BACKGROUND

### A. Third-Party Google Witnesses And Evidence Are Located In NDCA

Parus accuses features of Google Assistant operating on LG's Android devices of infringing U.S. Patent Nos. 7,076,431 and 9,451,084 (collectively, the "Asserted Patents"). *See Parus v. Google*, No. 6:19-cv-433, Dkt. 20, ¶¶ 18, 61. LG has no involvement in the research, design, or development of Google Assistant—instead, Google Assistant is developed by Google. Declaration of Hongsun Yoon ("Yoon Decl.") ¶ 4.

As explained in Google's Motion to Transfer, Google witnesses knowledgeable about the accused functionality in Google Assistant are located in NDCA. Google is headquartered in Mountain View, California, and the majority of Google's worldwide workforce is in NDCA. *See* Dkt. 60-2, Declaration of Shannon Shaper ("Shaper Decl.") ¶ 2. Google researches, designs, develops, and tests the accused functionality in NDCA. *Id.* ¶¶ 4-5. The Google engineers who could provide competent testimony about the accused functionality—including functionality for retrieving information from websites and summarizing it—work primarily from Google's Mountain View offices and reside in the San Francisco Bay Area. *Id.* For instance, the Senior Staff Software Engineer and his team of 11 engineers who work on answering questions from the open web are based out of Mountain View. *Id.* ¶ 4. Additionally, the Director and majority of his team responsible for summarizing web page excerpts to provide a succinct response to user queries are based out of Mountain View. *Id.* ¶ 5. Conversely, not a single engineer who works on the accused functionality in Google Assistant works out of WDTX. *Id.* ¶ 6. Documents generated by these employees are also created and maintained in Google's Mountain View offices. *Id.* ¶ 7.

**B.   Third-Party Prior Art Witnesses And Evidence Are Located In NDCA**

NDCA was a hub for the development of telephonic web browsing systems and intelligent agents during the dot com era, in and before 2000. These systems are highly relevant prior art. Examples of such systems and the knowledgeable witnesses who reside in NDCA include:

| Company | Company Location | Witnesses | Roles |
|---|---|---|---|
| Tellme Networks (Exs. D-1 to D-2) | Mountain View | Mike McCue | Founder |
| BeVocal, Inc. (Exs. E-1 to E-3) | Mountain View | Mikael Berner, Steve Tran | Founders |
| SRI International (Exs. F-1 to F-5) | Palo Alto | Douglas Moran, Adam Cheyer, Luc Julia, David Martin | Open Agent Architecture Developers |
| General Magic (Exs. G-1 to G-2) | Mountain View | Kevin Surace | EVP Network Solutions |

By the time Parus filed the Asserted Patents, companies had already released telephonic web browsing systems, with 800 numbers that users could call to obtain web information, precisely the type of system that Parus describes in the specification of its Asserted Patents.  For example, by 2000, Tellme Networks provided an 800 number "combining the power of the Internet with the convenience of the telephone" that allowed users to "instantly find and connect with restaurants, airlines, movie listings, news, weather, sports, stock quotes, traffic, friends, and more."  Ex. D-1.[1] Similarly, by 2000, BeVocal Inc. "provid[ed] quick and convenient access to personalized Internet content and services via telephone," using "spoken commands" to obtain "point-to-point driving directions, real-time traffic reports, flight information, stock quotes, and weather."  Ex. E-1.  SRI International—the organization that spun off Siri Inc.—developed well before 2000 its Open Agent Architecture that integrates speech recognition with a variety of applications.  Ex. F-1.  And in or around 1996, General Magic, led by Kevin Surace, its Executive Vice President of Network Solutions, began development of the Portico virtual assistant, also known as magicTalk, an early voice assistant.  Exs. G-1 and G-2.  The witnesses knowledgeable about each of these prior art references reside in NDCA.

### C. Relevant LG Witnesses And Evidence Are Located In NDCA

LG's relevant witnesses are also located in NDCA.  All seven engineers that LG employs who are responsible for ensuring that Google Assistant functions properly on LG-branded devices running the Android operating system work out of LGEUS's offices in Santa Clara, in NDCA.  Yoon Decl. ¶¶ 6-7.  Any relevant documents in the custody of these witnesses are either physically present or electronically accessible in NDCA.  *Id.*  LG does not have offices or facilities in WDTX, and there are no relevant documents, witnesses, or employees in WDTX relating to the design or

---

[1] References to Ex. __ refer to exhibits attached to the Declaration of Bill Trac, Dkt. 60-1, filed in connection with Google's Motion to Transfer Venue to the Northern District of California.

development of the Android operating system, Google Assistant, or LG-branded devices that include the Android operating system or Google Assistant. *Id.* ¶ 8.

### D. Relevant Parus Witnesses And Evidence Are Located In NDCA

While Parus is a Delaware corporation headquartered in Illinois, multiple Parus executives with relevant information reside in NDCA. Parus's Chief Technical Officer, Salil Pradhan, is located in San Jose, California (Ex. A), and its Chief Marketing Officer, Darius Reneau, is likewise located in the San Francisco Bay Area (Ex. B). These constitute two out of five listed members of Parus's management team. Ex. C. Any relevant documents in the possession of Messrs. Pradhan and Reneau would likely be located in NDCA.

LG is not aware of any Parus witnesses or documents located in WDTX.

## II. LEGAL STANDARD

To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh eight private and public factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] … [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* at 315 (internal quotations and citation omitted).

## III. NDCA IS A CLEARLY MORE CONVENIENT FORUM THAN WDTX

NDCA is the most convenient forum for this case for both party witnesses and the essential third-party Google witnesses necessary for the prosecution of this case. Google, not LG, researches, designs, and develops Google Assistant. The most relevant witnesses with knowledge of how

Google Assistant operates are thus third-party Google engineers located in NDCA. Additional third-party engineers who developed and released publicly available prior art systems before Parus filed its first patent on the technology are located in NDCA. Moreover, the relevant LG engineers responsible for integrating Google Assistant with LG's Android devices are in NDCA, and two of five Parus executives are in NDCA. Conversely, neither Parus nor LG has any ties to this District. No witnesses relevant to this litigation are located in WDTX. "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

### A.   This Case Could Have Been Filed In NDCA

LG has offices in NDCA, and allegedly infringing LG devices that include Google Assistant have been sold in NDCA.

### B.   All Private Interest Factors Heavily Favor Transfer To NDCA

All relevant party and third-party evidence is in NDCA, and no party or third party has any relevant connection to WDTX. The private interest factors weigh heavily in favor of transfer.

#### 1.   Cost Of Attendance For Willing Witnesses

The cost of attendance for willing witnesses factor relates to the relative convenience of each forum to witnesses in the litigation, including costs in time and money. "The convenience of the witnesses is probably the single most important factor in the transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal citation omitted). Courts "routinely afford more weight to the convenience and cost for *non-party* witnesses," but "the court also appropriately considers the cost of attendance of *all* willing witnesses." *Polaris Innovations Ltd. v. Dell, Inc.*, 2016 WL 7077069, at *6 (W.D. Tex. Dec. 5, 2016) (emphasis in original) (citations omitted). Moreover, "the relative convenience to key witnesses is accorded greater weight." *VLSI Tech., LLC*

*v. Intel Corp.*, No. 6:19-cv-254, Dkt. 78 at 7 (W.D. Tex. Oct. 7, 2019).

Here, the convenience of willing witnesses overwhelmingly favors transfer to NDCA. The convenience of key third-party witnesses holds the greatest weight, and those witnesses are Google's engineers in NDCA who know about the research, design, development, and testing of Google Assistant. *See* Shaper Decl. ¶¶ 4-5. The testimony of these Google engineers is essential to this litigation, given that Google, and not LG, researches, designs, and develops Google Assistant. Additional important third-party witnesses are also located in NDCA. *Supra* § I.B. By the time Parus applied for its Asserted Patents, Tellme and BeVocal had been selling products implementing the same telephonic web browsing functionality described in those applications, and SRI and General Magic had already developed computer agent technology. It would be far more convenient for willing prior art witnesses to testify in their home district of NDCA, rather than WDTX. Moreover, these witnesses would only be within the subpoena power of NDCA, not WDTX.

The cost of attendance of party witnesses also weighs in favor of transfer to NDCA. The LG witnesses knowledgeable about the accused functionality are LGEUS's engineers who integrate Google Assistant into LG's Android devices, all of whom are located in NDCA. Parus witnesses also live in NDCA, including two of five Parus executives. *Supra* § I.D. Parus's Chief Technical Officer Salil Pradhan likely has knowledge of the operation and marketing of Parus's products and how Parus's products allegedly practice the patents. Chief Marketing Officer Darius Reneau likely has knowledge of Parus's product marketing, any alleged competition between Parus and LG, and the alleged importance of the claimed features to consumers.

"It is an 'obvious conclusion' that it is more convenient for witnesses to testify at home." *Volkswagen*, 545 F.3d at 317. Witnesses who have to leave home "not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *Id.* The

inconvenience of haling all of these party and non-party witnesses from their homes in NDCA to WDTX is massive.  Absent transfer, all of the affected party and third-party witnesses must fly and drive to Waco for trial and any hearings that require their testimony, rather than simply driving from their homes, resulting in costly and unnecessary travel expense, decreased employee productivity, and disruption to the personal lives of these witnesses, their families, and their communities.  *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010).

Haling LG engineers, third-party Google engineers, and willing third-party prior art witnesses over 1,400 miles from their home district to WDTX is highly inconvenient.  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317 (citation omitted).  There is no direct flight from the Bay Area to Waco.  Commercial flights to Waco from the Bay Area require at least 5 hours of flight time (including a layover in Dallas), even before accounting for time spent waiting at the airport and traveling to and from the airport, let alone the risk of missing a tight connection.  Trac Decl. ¶ 19, Ex. J.  Conversely, if this case were transferred to NDCA, LG and Google engineers and willing third-party prior art witnesses could readily travel back and forth between court and their homes—a far more convenient result.  As this District has recognized, "the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour." *Wet Sounds, Inc. v. Audio Formz, LLC*, 2017 WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017), *report and recommendation adopted*, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018).

The cost and inconvenience of travel from NDCA to WDTX for LG, Parus, and third-party

Google and prior art witnesses is enormous. Conversely, no relevant witness is at home in WDTX—Parus identified none in opposing Apple's motion to transfer to NDCA. This case is thus readily distinguishable from those in which multiple party and third-party witnesses reside in WDTX. *See, e.g., Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 13, 2019), *aff'd sub nom. In re Apple Inc.*, No. 2020-104, slip op. at 4-5 (Fed. Cir. Dec. 20, 2019).

This most important factor overwhelmingly favors transfer.

### 2. Relative Ease Of Access To Sources Of Proof

The ease of access to sources of proof is a close second to convenience of witnesses in relative importance among the transfer factors. *Polaris*, 2016 WL 7077069, at *11 ("ease of access to evidence" and "cost and convenience for traveling witnesses" are "the most important factors"). To determine the ease of access to sources of proof, the Court should look at "the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017).

Google researches, designs, develops, and tests Google Assistant in NDCA. *Supra* § I.A. LG integrates Google Assistant into its Android products in NDCA. *Supra* § I.C. Two of five executives for Parus live in the San Francisco Bay Area, suggesting that Parus documents are also located in NDCA. *Supra* § 1.D. And prior art witnesses and evidence are also located in NDCA, including for Tellme Networks, BeVocal Inc., SRI International, and General Magic, organizations founded in Silicon Valley whose personnel remain in NDCA. *Supra* § I.B. In contrast, there is no indication that any relevant evidence is in WDTX—no relevant witnesses or documents are located there. Thus, the relative ease of access to sources of proof clearly favors transfer.

### 3. Availability Of Compulsory Process

The compulsory process factor focuses on unwilling, non-party witnesses. *Datascape, Ltd. v. Dell Techs., Inc.*, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019). LG has identified six

executives of three important companies that sold widely available prior art systems—Tellme Networks, BeVocal, Inc., and General Magic—as well as four specific developers of SRI's prior art Open Agent Architecture system. *Supra* § I.B. These third parties are within the subpoena power of NDCA, but outside of this Court's trial subpoena power, and thus could not be compelled to testify if this case remained in WDTX. In addition, Google engineers (who are the key witnesses who know how the accused technology works) are only within the subpoena power of NDCA. By comparison, LG is not aware of any relevant third-party witnesses in WDTX. This factor thus weighs heavily in favor of transfer to NDCA.

### 4.      Practical Problems For An Easy, Expeditious, And Inexpensive Case

Judicial economy favors transfer to NDCA. First, this case is in its early stages: the initial case schedule has just been entered, and discovery has yet to be opened. Thus, transfer at this point would not cause delays. Second, NDCA is a significantly more convenient venue for all of the cases that have been filed by Parus, as indicated by each of the transfer motions that have been or that are expected to be filed.

Google is moving for transfer to NDCA. Google is headquartered in NDCA, and the majority of its design and development work on Google Assistant is in NDCA. *See* Shaper Decl. ¶¶ 2, 4-5. Apple also has moved to transfer to NDCA. Apple is similar to Google in that Apple's headquarters and the bulk of its design and development work on Siri is in NDCA. *See Parus v. Apple*, No. 6:19-cv-432, Dkt. 42 at 2-4. LG expects that Samsung will move to transfer to NDCA. Samsung, like LG, is accused of infringing the Asserted Patents based on its use of Google Assistant on Samsung's devices, making Google a key third party located in NDCA. *See Parus v. Samsung*, No. 6:19-cv-438, Dkt. 22, ¶¶ 18, 65. Finally, Amazon has specifically agreed that transfer to NDCA is acceptable. *See Parus v. Amazon*, No. 6:19-cv-454, Dkt. 20 at 1, n.1. Amazon's relevant engineers are in Austin, California, and Seattle. *Id.* at 4-5. And Amazon has

relevant engineers in its offices in Sunnyvale, in NDCA.  *Id.*, Dkt. 20-1 ¶ 5 (Declaration of Tim Thompson).  Because NDCA is a clearly more convenient forum for LG, Google, Samsung, and Apple, and is also a convenient forum for Amazon, judicial economy favors transfer of LG's case and the remaining cases to NDCA.

In short, NDCA is the most practical venue for all of the Parus litigations.  Under Federal Circuit precedent, "the combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiffs chosen forum is an important consideration" in deciding transfer.  *Acer*, 626 F.3d at 1255.  For all parties, the strong ties to NDCA and nonexistent relevant ties to WDTX (save for Amazon) point strongly to NDCA as the proper forum for Parus's lawsuits.

### C.    The Public Interest Factors Weigh In Favor Of Transfer

The public interest factors also weigh in favor of transfer.  NDCA has a strong local interest in this dispute:  Third-party Google, who developed the accused Google Assistant feature in this case, was founded in NDCA, where it still maintains its headquarters and largest offices.  *See supra* § I.A.  LG also has offices in NDCA where LG integrates Google Assistant into LG's Android devices.  *See supra* § I.C.  By contrast, LG, Parus, and Google have no local ties to Waco, and no development work on Google Assistant occurred in WDTX.  The familiarity with governing law and conflict of laws factors are neutral as both NDCA and this District are familiar with, and will apply, federal patent law.  As for administrative difficulties, while this Court's default schedule is 25% faster than NDCA's time to trial, this factor should be given the least weight as the Federal Circuit has held that time to trial "appears to be the most speculative" of the factors in the transfer analysis.  *Fintiv*, 2019 WL 4743678, at *7; *Genentech*, 566 F.3d at 1347.

### IV.   CONCLUSION

For the foregoing reasons, LG respectfully requests the Court transfer this case to NDCA.

Dated:  January 3, 2020    /s/ *Steve McConnico*

Steve McConnico
Texas State Bar No. 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
mliang@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendants LG Electronics Inc. and LG Electronics USA, Inc.***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for LG conferred with counsel for Parus on December 31, 2019 in a good-faith effort to resolve the matter presented herein and counsel for Parus stated that it opposed the motion.

*/s/ Steve McConnico*
Steve McConnico

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 3, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Steve McConnico*
Steve McConnico