Case 6:19-cv-00432-ADA   Document 64   Filed 01/03/20   Page 1 of 12

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PARUS HOLDINGS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | C.A. No.: 6:19-cv-00432-ADA<br>**(Lead Case)**<br><br><u>JURY TRIAL DEMANDED</u> |
| PARUS HOLDINGS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | C.A. No.: 6:19-cv-00433-ADA<br>(Consolidated Case) |
| PARUS HOLDINGS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC.,<br><br>    Defendants. | C.A. No.: 6:19-cv-00437-ADA<br>(Consolidated Case) |

| | |
|---|---|
| PARUS HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, <br><br> Defendants. | C.A. No.: 6:19-cv-00438-ADA <br> (Consolidated Case) |
| PARUS HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | C.A. No.: 6:19-cv-00454-ADA <br> (Consolidated Case) |

**JOINT MOTION FOR ENTRY OF SCHEDULING ORDER AND
DISCUSSION OF SINGLE DISPUTED PROCEDURAL SCHEDULE DEADLINE**

Pursuant to the Court's Order Governing Proceedings – Patent Cases (Dkt. No. 38), Plaintiff Parus Holdings Inc. ("Plaintiff") and Defendant Apple Inc. and Consolidated Defendants Google LLC, LG Electronics, Inc., LG Electronics USA, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Amazon.com, Inc. (collectively "Defendants") submit this Joint Motion for Entry of Scheduling Order, and also submit their respective discussions of the single disputed procedural schedule deadline.

In particular, this Joint Motion requests the entry of Plaintiff's Proposed Scheduling Order, which is attached hereto as **Exhibit A**, in its entirety—with the exception of the lone disputed proposed date: the deadline for Defendants to serve their preliminary invalidity

2

contentions. The Defendants' Proposed Scheduling Order, which identifies their proposed deadline for service of preliminary invalidity contentions, attached hereto as **Exhibit E**. Apart from the single disputed deadline, the parties are in agreement as to the procedural schedule that should govern these consolidated matters.

The parties' respective positions on the disputed date are as follows:

**Deadline for Defendants to Serve Preliminary Invalidity Contentions**

Plaintiff's Position:

Plaintiff Parus respectfully submits that that the deadline for Defendants to serve their preliminary invalidity contentions should remain February 7, 2020.

This is the deadline that this Court set in its Order Governing Proceedings – Patent Cases, i.e., seven weeks following the Case Management Conference which occurred on December 20, 2019. *See, e.g.,* Order Governing Proceedings – Patent Case, *Parus Holdings, Inc. v. Apple, Inc.*, 6:19-cv-00432-ADA (Lead Case), ECF Doc. No. 38 at 2 (Nov. 25, 2019).[1] Notably, this February 7, 2020 date is also the deadline that Defendants all chose for themselves in the initial Proposed Scheduling Order, which they served on Parus in mid-December 2019. *See* **Parus Exhibit B** (Email Lee to McNamara (dated Friday, Dec. 13, 2019)) **and B-1** (Defendants' Proposed Scheduling Order (as attached to Ex. B)), both attached hereto. The next business day, Parus accepted Defendant's February 7, 2020 date for service of their preliminary invalidity

---

[1] Prior to consolidating these cases, this Court also set February 7, 2020 as the deadline for service of Defendants' preliminary invalidity contentions in each of the respective Orders Governing Proceedings in all consolidated cases. *See Parus Holdings, Inc. v. Google LLC*, 6:19-cv-00433-ADA (consolidated case), ECF Doc. No. 28 at 2 (Nov. 25, 2019); *Parus Holdings, Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc.*, 6:19-cv-00437-ADA (consolidated case), ECF Doc. No. 24 at 2 (Nov. 25, 2019); *Parus Holdings, Inc. v. Samsung Electronics Co., Ltd. and Samsung Electronics America*, 6:19-cv-00438-ADA (consolidated case), ECF Doc. No. 25 at 2 (Nov. 25, 2019); *Parus Holdings, Inc. v. Amazon.com, Inc.*, 6:19-cv-00454-ADA (consolidated case), ECF Doc. No. 30 at 2 (Nov. 25, 2019).

contentions. *See* **Parus Exhibit C** (Email Cary to JDG (dated Monday, Dec. 16, 2019)) **and C-1** (Parus' Proposed Scheduling Order (as attached to Ex. C)), both attached hereto.

Following this, and pursuant to the letter of the Court's Order Governing Proceedings, Parus served preliminary infringement contentions, and identifications of priority dates, on December 11, 2019. Parus served on Defendants a total of 38,989 pages of infringement contentions across 86 individual charts, as well as 26,917 pages of supporting document discovery.

After Parus lived up to its obligations under the Court's Order, Defendants reneged on their prior proposal and sought to change the Court's February 7, 2020 deadline. Specifically, Defendants sought to give themselves an additional five week—to March 13, 2020—to serve their preliminary invalidity contentions. *See* **Parus Exhibit D** (Email Lee to Cary (dated Dec. 27, 2019)) **and D-1** (Defendants' (Revised) Proposed Scheduling Order (as attached to Ex. D)), both attached hereto. Parus did not, and does not, agree to this change of the Court's Order.

During the parties' meet and confer on this issue on January 2, 2020, Defendants explained that their unilateral request to alter the Court's ordered February 7, 2020 deadline for service of their preliminary invalidity contentions was justified because of the intervening winter holidays at the end of December, and that Parus would allegedly not be prejudiced by Defendants' attempt to alter the Court's ordered date. Neither of these contentions is compelling. Taking each in turn:

First, Defendants initially chose and proposed the February 7, 2020 date (presumably based on the calculations mandated by the Court's Order Governing Proceedings), which Parus accepted the next business day. Because Defendants selected this deadline in mid-December, they were undoubtedly fully aware of the intervening holidays at the end of December.

Moreover, to the extent Defendants point to the difficulties of accomplishing work at the end of December, their litigation conduct suggests otherwise. For example, the Samsung Defendants served a purported deficiency letter on December 19, 2020, demanding a response and supplementation of Parus' initial infringement contentions by New Year's Eve, December 31, 2020.[2] As another example, the LG Defendants filed a renewed motion to dismiss on December 19, 2019, timed so that any response or opposition from Parus was due the day after New Year's Day, on January 2, 2020. *See* Dkt. No. 059, Parus's Opposition to LG Defendants' Renewed 12(b)(6) Motion to Dismiss (dated Jan. 2, 2020). As a result, any suggestion that the parties could not work with their counsel during the last two weeks of December, or that it was unreasonable to expect them to do so, is untenable.

Parus also notes that the timing of the holidays are beside the point. Defendants have had the complaints filed in this case—each including a detailed articulation of how the accused articles and instrumentalities infringe—since at least July of last year. They have also had detailed claim charts for over three weeks at this point. Indeed, the February 7, 2020 deadline for service of their invalidity contentions is some ten weeks after receiving Parus' preliminary infringement contentions. There is simply no good cause supporting Defendants' contention that they cannot meet the February 7, 2020 deadline in accordance with the Court's Order—and their own initial proposal.

---

[2] Parus disputes that its initial infringement contentions were substantively deficient in any way, but it nonetheless (1) responded to Samsung's letter on December 30, 2020, and (2) served supplemental contentions on New Year's Eve to address some of Samsung's complaints, including, for example, to correct certain typos. To the extent Samsung may argue that the alleged deficiencies somehow prejudiced its ability to prepare its invalidity contentions, this argument ignores the fact that Parus' interpretation and application of the asserted claims is identical as between its preliminary infringement contentions and its supplemental infringement contentions.

Finally, in the absence of any such good cause, the question whether Parus is prejudiced by shifting the Court-ordered date is irrelevant. As discussed, Defendants have shown no such good cause. But to the extent Defendants have gained the benefit of Parus living up to its obligations and timely serving its preliminary infringement contentions in accordance with the Court's Order, it would be unfair to permit Defendants to gain the additional and unjustified benefit of an additional five weeks in which to articulate their preliminary invalidity contentions. Notably, Defendants' invalidity contentions will be based almost entirely, if not exclusively, on publicly available information (that they could have begun gathering and analyzing upon the filing of the complaints six months ago). Further, Defendants' technical and economic information related to the accused products due to be served on the same day is all entirely within their possession. It is therefore not an undue burden to hold Defendants to the deadline this Court set, and the deadline which Defendants initially proposed.

For all of these reasons, Parus respectfully requests that the Court deny Defendants' request to alter the ordered deadline for their preliminary invalidity contentions. It should remain February 7, 2020.

Defendants' Position:

The Parties disagree on the date by which Defendants are to submit their preliminary invalidity contentions and related submissions pursuant to Paragraph 5 of the Court's "Order Governing Proceedings – Patent Case" (ECF No. 38 at 2). Plaintiff served infringement contentions on December 11, 2019. After Samsung identified deficiencies, Plaintiff served revised infringement contentions and an additional document production on December 31, 2019. Parus proposes that Defendants serve the preliminary invalidity contentions on February 7, 2020, which is based on the Court's default model. The default model, however, did

not contemplate a consolidated proceeding involving five Defendants, a Markman hearing that is scheduled for August 21, 2020 (instead of May 29, 2020 based on the Court's default model), and deficiencies in Plaintiff's infringement contentions.  Defendants thus propose a five-week extension—until March 13, 2020—to accommodate for the holidays and the fact that this matter is now consolidated and thus requires significant coordination among Defendants (*see* ECF No. 48, Order Consolidating Cases).

Plaintiff will not be prejudiced by the five-week extension.  The Parties have already agreed that the exchange of claim terms for construction would not begin until April 10, 2020 and thus, under Defendants' proposal, Plaintiff will have four weeks, instead of two weeks provided by the Court's default model, to review the preliminary invalidity contentions before exchanging the list of claim terms for construction.

Dated: January 3, 2020                                             Respectfully submitted,

/s/ *Kristina R. Cary w/permission Claire Henry*
Michael T. Renaud
Massachusetts BBO No. 629783
Email: MTRenaud@mintz.com
Michael J. McNamara
Massachusetts BBO No. 665885
Email: MMcNamara@mintz.com
Kristina R. Cary
Massachusetts BBO No. 688759
Email: KRCary@mintz.com
Tiffany M. Knapp
Massachusetts BBO No. 694070
Email: TKnapp@mintz.com
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000

Fax: (617) 542-2241
www.mintz.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
Tel: 903-757-6400
Fax: 903-757-2323

***Attorneys for Plaintiff Parus Holdings Inc.***


*/s/ Bita Rahebi w/permission Claire Henry*
Bita Rahebi, Admitted *Pro Hac Vice*
Email: brahebi@mofo.com
Hector G. Gallegos, Admitted *Pro Hac Vice*
Email: hgallegos@mofo.com
Rose S. Lee, Admitted *Pro Hac Vice*
Email: roselee@mofo.com
Matthew C. Callahan, Admitted *Pro Hac Vice*
Email: mcallahan@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Tel: (213) 892-5200
Fax: (213) 892-5454

Elizabeth Ann Patterson, *Admitted Pro Hac Vice*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522

J. Stephen Ravel
Texas State Bar No. 16584975
Email: steve.ravel@kellyhart.com
KELLY HART & HALLMAN LLP

303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429

***Attorneys for Defendant Apple Inc.***


*/s/ Luann Simmons w/permission Claire Henry*
Steve McConnico
Texas State Bar No. 13450300
Email: smcconico@scottdoug.com
Paige Arnette Amstutz
Texas State Bar No. 00796136
Email: pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
 Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
Daniel Silverman (*Pro Hac Vice*)
Email: dsilverman@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Tel: 415-984-8700
Fax: 415-984-8701

***Attorneys for Defendant Google LLC***


*/s/ Luann Simmons w/permission Claire Henry*
Steve McConnico
Texas State Bar No. 13450300
Email: smcconico@scottdoug.com
Paige Arnette Amstutz

9

Texas State Bar No. 00796136
Email: pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
Daniel Silverman (*Pro Hac Vice*)
Email: dsilverman@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Tel: 415-984-8700
Fax: 415-984-8701
***Attorneys for Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.***

*/s/ Marissa Ducca w/permission Claire Henry*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
Email: mikejones@potterminton.com

Kevin P.B. Johnson
Victoria F. Maroulis
Todd Briggs
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000

10

Marissa Ducca
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Suite 900
Washington DC 20005
Tel: (202) 538-8000

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

*/s/ Saina S. Shamilov w/permission Claire Henry*
J. David Hadden, CSB No. 176148
(Admitted W.D. Tex.)
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
(Admitted W.D. Tex.)
Email: sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
(Admitted W.D. Tex.)
Email: rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Fax: 650-938-5200

Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

***Attorneys for Defendant Amazon.com, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on January 3, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Claire Henry*
Claire Henry

95122543