# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| PARUS HOLDINGS INC. § <br><br> Plaintiff, § <br> v. § <br> § <br> APPLE INC. § <br><br> Defendant. § | | CIVIL ACTION No. 6:19-cv-00432-ADA <br> JURY TRIAL DEMANDED <br><br> **[LEAD CASE]** |

| | | |
|---|---|---|
| PARUS HOLDINGS INC. § <br><br> Plaintiff, § <br> v. § <br> § <br> GOOGLE LLC § <br><br> Defendant. § | | CIVIL ACTION No. 6:19-cv-00433-ADA <br> JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| PARUS HOLDINGS INC. § <br><br> Plaintiff, § <br> v. § <br> § <br> LG ELECTRONICS INC. AND LG § <br> ELECTRONICS U.S.A., INC. § <br><br> Defendants. § | | CIVIL ACTION No. 6:19-cv-00437-ADA <br> JURY TRIAL DEMANDED |

## DEFENDANTS GOOGLE AND LG'S OPPOSITION TO
## PARUS'S MOTION FOR VENUE DISCOVERY

## TABLE OF CONTENTS

                                                                                                                                                                **Page**

I.     PARUS FAILS TO MEET ITS BURDEN TO OBTAIN THE REQUESTED VENUE DISCOVERY .................................................................................................... 1

          A.    Parus Fails To Demonstrate That Its Requested Discovery Is Likely To Produce Material Information ................................................................................ 1

                   1.    Parus's Requests For Technical Witness Discovery Are Not Likely To Produce Material Information ............................................................... 2

                   2.    Parus's Requests For Non-Technical Witness Discovery Are Not Likely To Produce Material Information .................................................. 5

          B.    Parus Fails To Seek Discovery That Is Narrowly Tailored .................................... 6

II.    PARUS'S MOTION SHOULD BE DENIED BECAUSE PARUS FAILED TO COMPLY WITH THIS COURT'S PROCEDURES ....................................................... 10

III.   CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*21st Century Fin. Servs., Inc. v. Mandelbaum*,
   2011 WL 3844209 (W.D. Tex. Aug. 30, 2011) ............................................................... 4, 5, 6

*AGIS Software Dev., LLC v. ZTE Corp.*,
   2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) ....................................................................... 6

*Allen v. Noah Precision, LLC*,
   2016 WL 1228788 (E.D. Tex. Mar. 28, 2016).......................................................................... 6

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) .................................................................................................. 9

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009)............................................................................................. 10

*Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*,
   2019 WL 2210686 (E.D. Tex. May 22, 2019) ........................................................................ 9

*ETS-Lindgren, Inc. v. MVG, Inc.*,
   2015 WL 6756186 (W.D. Tex. Nov. 4, 2015) ............................................................. 3, 5, 6, 8

*Fintiv Inc. v. Apple Inc.*,
   2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ...................................................................... 3

*Freeman v. United States*,
   556 F.3d 326 (5th Cir. 2009) ...................................................................................... 2, 4, 6, 9

*Green Source Holdings, LLC v. Ingevity Corp.*,
   2019 WL 1995402 (W.D. Ark. May 6, 2019)......................................................................... 8

*Guerra v. Balfour Beatty Cmtys., LLC*,
   2015 WL 13794439 (W.D. Tex. Nov. 19, 2015) .................................................................... 9

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)............................................................................................... 4

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009)............................................................................................... 4

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) .............................................................................................. 2, 4

*SEC v. Spence & Green Chem. Co.*,
   612 F.2d 896 (5th Cir. 1980) .................................................................................................. 6

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
   282 F. Supp. 3d 916 (E.D. Va. 2017).................................................................................... 10

## TABLE OF AUTHORITIES
(continued)

                                                                                                   **Page**

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*,
   928 F. Supp. 2d 863 (E.D. Va. 2013) .................................................................................. 10

*Via Vadis, LLC v. Netgear, Inc.*,
   2015 WL 10818675 (W.D. Tex. July 30, 2015) ................................................................ 2, 8

*VLSI Tech., LLC v. Intel Corp.*,
   No. 6:19-cv-254 (W.D. Tex. Oct. 7, 2019) ............................................................................ 2

*Woodall v. Univ. of Tex. Sys.*,
   2010 WL 11601282 (W.D. Tex. Mar. 30, 2010) ............................................................... 2, 9

*WorldVentures Holdings, LLC v. Mavie*,
   2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ...................................................................... 8

### **RULES**

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 9

Defendants LG Electronics Inc. ("LGEKR"), LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "LG"), and Google LLC ("Google") have identified the key witnesses likely to testify at trial—Google's engineers with extensive knowledge of the accused functionality—and confirmed that witnesses knowledgeable about the technical and damages-related topics that Plaintiff Parus Holdings Inc. ("Parus") believes are important are located in the Northern District of California ("NDCA"), not the Western District of Texas ("WDTX"). Parus fails to meet its burden to show why venue discovery regarding other aspects of Google Assistant will affect the venue analysis when those aspects are peripheral or irrelevant to the litigation.

Parus also disregards its obligation to tailor its requests to pertinent issues. Instead, Parus seeks information regarding any person with "personal knowledge" of Google Assistant or the Accused Instrumentalities—a request so broad as to encompass anyone who has ever used Google Assistant. Parus's discovery requests are a fishing expedition—a search for any person who might have any connection to Google Assistant in Texas, even if that person has no relevant information and will never testify at trial. Parus's request for venue discovery, untethered from the issues pertinent to Defendants' motions to transfer, should be denied.

**I.   PARUS FAILS TO MEET ITS BURDEN TO OBTAIN THE REQUESTED VENUE DISCOVERY**

To obtain venue discovery, the requesting party must meet two requirements. First, the movant must show that the requested discovery will likely produce facts material to the venue determination. Second, the discovery must be narrowly tailored to those material fact issues. Parus fails to meet either of those requirements.

**A.   Parus Fails To Demonstrate That Its Requested Discovery Is Likely To Produce Material Information**

Jurisdictional discovery is not as broad as full discovery on the merits. In the Fifth Circuit and in this District, "a plaintiff is entitled to discovery *only if* she shows the request is *likely* to

produce facts needed to withstand" the defendant's motion. *Woodall v. Univ. of Tex. Sys.*, 2010 WL 11601282, at *4 (W.D. Tex. Mar. 30, 2010) (emphasis added) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)). To meet this burden, plaintiff must articulate "how [the requested venue] discovery may support maintaining the action in this court." *Via Vadis, LLC v. Netgear, Inc.*, 2015 WL 10818675, at *3 (W.D. Tex. July 30, 2015). Courts will not grant discovery when a plaintiff is "unable to state how the discovery he requested would change the jurisdictional determination." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014).

Parus cannot articulate how its requests for either (1) technical witness discovery or (2) non-technical witness discovery are likely to produce information material to any transfer issue that this Court will decide.

        **1.**        **Parus's Requests For Technical Witness Discovery Are Not Likely To Produce Material Information**

Parus fails to explain how its requested technical witness discovery is likely to produce facts that would impact the venue analysis. This Court has expressly held that when deciding a transfer motion, "the relative convenience to key witnesses is accorded greater weight." *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254, Dkt. 78 at 7 (W.D. Tex. Oct. 7, 2019). This is because the venue analysis properly focuses on the convenience of witnesses likely to testify at trial. Parus disregards Google's disclosure of those key engineers, and makes no attempt to ask which technical witnesses will be "key witnesses" who might actually testify at trial. Instead, Parus casts a broad net around every category of witness who might have information about even the most tangential aspects of this case. A decision on a motion to transfer should not be made by "mechanically counting potential witnesses proffered by both sides," but instead by examining the totality of the circumstances, including the "likelihood that a witness may have relevant information" and "whether the testimony

of those witnesses goes to an element of a claim." *Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 13, 2019).

Pursuant to this Court's test, Google identified its key witnesses for the accused technology—the Google engineers who work on "retrieving web page excerpts and summarizing them in response to user queries." Dkt. 61, Declaration of Shannon Shaper ("Shaper Decl.") ¶¶ 3-5. That accused functionality is at the heart of the asserted patents. As recited by the claims, in response to a "speech command," the system will "access at least one of said plurality of web sites identified by said instruction set to obtain the information to be retrieved . . . until said information to be retrieved is found," and then "produce an audio message containing any retrieved information." '438 Patent, claim 1. Google identified the engineering team leads most knowledgeable about these features, i.e., the engineers who are likely to be key witnesses in this litigation. Shaper Decl. ¶¶ 4-6. These key witnesses are in NDCA; none are in WDTX. *Id.* Further discovery will not change this fact.

Parus complains that Google's identification of these engineers is narrow (Dkt. 72 ("Mot.") at 1), but does not dispute the importance of these witnesses or the fact that they are in NDCA, not WDTX. Parus's primary objection, in opposing Defendants' transfer motions, is that engineers relating to speech recognition are allegedly important, yet not identified by Google. Dkt. 69 at 3; Dkt. 74 at 4. But the key engineer for speech recognition and a majority of his team are also located in NDCA. *See* Dkt. 89-3, Supplemental Declaration of Shannon Shaper ("Shaper Supp. Decl.") ¶ 3. No engineers working on speech recognition for Google Assistant are in WDTX. *Id.* ¶ 6. This bolsters the case for transfer. There is no need for further discovery where the issues raised by Parus have already been addressed in multiple sworn declarations, confirming that the key engineers are in NDCA, not WDTX. *ETS-Lindgren, Inc. v. MVG, Inc.*, 2015 WL 6756186, at *5 (W.D. Tex. Nov. 4, 2015) (denying jurisdictional discovery where "all but one of [the plaintiff's] arguments regarding

the alleged gaps in jurisdictionally relevant information are directly controverted by [the defendant's] two sworn declarations"); *21st Century Fin. Servs., Inc. v. Mandelbaum*, 2011 WL 3844209, at *2 (W.D. Tex. Aug. 30, 2011) (denying jurisdictional discovery where the plaintiff offered no basis to infer that deposition testimony would contradict sworn declarations). Parus's argument that the claims include a laundry list of limitations (Mot. at 6) does not change the fact that Google has identified the engineers who lead on the accused functionalities, including recognizing a user's speech, selecting web page excerpts responsive to a user's query, and summarizing those excerpts in response to a user's query. *See* Shaper Supp. Decl. ¶ 3; Shaper Decl. ¶¶ 4-5. Parus fails to meet its burden to explain why further discovery on irrelevant or peripheral features of Google Assistant would alter the jurisdictional analysis. *See Freeman*, 556 F.3d at 341 ("The party seeking discovery bears the burden of showing its necessity"). Courts will not grant discovery when a plaintiff is "unable to state how the discovery he requested would change the jurisdictional determination." *Monkton*, 768 F.3d at 434.

Because there are no key engineers in WDTX, Parus resorts to arguing that it needs discovery regarding those knowledgeable Google team members located outside of NDCA. Mot. at 6. That engineers with redundant knowledge may be located in other non-WDTX locations does not change the transfer analysis because the undisputed facts show that the overwhelming number of key witnesses are in NDCA and none are in WDTX. *See In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (ordering transfer where "[a]ll of the identified key witnesses in this case are in Washington, Japan, Ohio, and New York," and "[n]o witnesses live in Texas"); *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (it is "improper[ ]" to use a district's "central location as a consideration in the absence of witnesses within" the district).

Finally, Parus's motion for venue discovery fails to make ***any*** argument regarding missing LG technical witnesses, confirming that it needs no discovery from LG. Mot. at 6.

### 2. Parus's Requests For Non-Technical Witness Discovery Are Not Likely To Produce Material Information

Parus similarly fails to explain how its requested discovery relating to non-technical witnesses is likely to produce facts that would impact the venue analysis. Parus asserts that Google and LG ignore other relevant witnesses, speculating that there might be information relating to "damages" or "objective indicia of non-obviousness." Mot. at 7. But Parus fails to provide any example of a relevant Google finance employee located in WDTX. In contrast, Google has identified both the Senior Finance Manager and his team responsible for Google Assistant financials, and the Product Marketing Lead and his team responsible for Google Assistant marketing. These team leads, their managers, their reports, and their reports' reports are located in NDCA. Shaper Supp. Decl. ¶¶ 4-5. No finance or marketing personnel relating to Google Assistant are in WDTX. *Id.* ¶ 6. Parus has offered no basis to infer that depositions or documents will contradict this fact, and therefore has failed to show that the requested discovery will likely produce facts material to the venue determination and its request should accordingly be denied. *See ETS-Lindgren*, 2015 WL 6756186, at *5 (denying jurisdictional discovery where "all but one of [the plaintiff's] arguments regarding the alleged gaps in jurisdictionally relevant information are directly controverted by [the defendant's] two sworn declarations"); *21st Century*, 2011 WL 3844209, at *2 (denying jurisdictional discovery where the plaintiff offered no basis to infer that deposition testimony would contradict sworn declarations).

Similarly, LG has explained that the only person in WDTX connected to the accused products is a single work-from-home LGEUS sales representative who sells home entertainment products, which include some, but not all, of the accused televisions and is not involved in the sale of any mobile products. *See* Dkt. 91, Supplemental Declaration of Hongsun Yoon ¶ 4. This employee is not a witness relating to the parties' dispute. Once again, there is no need for further

discovery when Defendants have already disclosed the information responsive to Parus's arguments. *See ETS-Lindgren*, 2015 WL 6756186, at *5; *21st Century*, 2011 WL 3844209, at *2.

Parus's remaining contention that there may be witnesses in WDTX "related to objective indicia of non-obviousness" is even more vague and speculative. Mot. at 7. Parus provides no explanation of what type of witnesses would relate to objective indicia of non-obviousness and no suggestion that any such hypothetical witnesses are important or key to this litigation. A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Freeman*, 556 F.3d at 341-42 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Venue discovery is not appropriate when a plaintiff "casts too wide and vague a net." *ETS-Lindgren*, 2015 WL 6756186, at *5.

In sum, Defendants have already identified the key witnesses likely to testify at trial—including in response to Parus's complaints—and these witnesses are found in NDCA, not WDTX. Parus's hope that other technical and non-technical witnesses might be found in WDTX, untethered to any specific theory of why those witnesses are important, does not justify its request for venue discovery. Parus's motion for venue discovery should be denied.

**B.     Parus Fails To Seek Discovery That Is Narrowly Tailored**

Parus's request for venue discovery should also be denied because its requests are overly broad and extremely burdensome. A party seeking venue discovery must serve discovery "narrowly tailored to the jurisdictional matters concerning the Court." *Allen v. Noah Precision, LLC*, 2016 WL 1228788, at *2 (E.D. Tex. Mar. 28, 2016); *see AGIS Software Dev., LLC v. ZTE Corp.*, 2018 WL 4854023, at *3 (E.D. Tex. Sept. 28, 2018) (venue discovery must be "narrowly drawn and properly tailored to open question unable to be addressed by publically available information").

Contrary to its representations (*see, e.g.*, Mot. at 5), Parus makes no attempt to serve "discrete" or "limited" discovery targeted to its venue opposition. Instead, Parus serves indiscriminate discovery

so burdensome that it would not be proportional to the needs of the litigation, even if it related to full merits discovery. For example, Request for Production No. 1 states:

> **REQUEST FOR PRODUCTION NO. 1:**
> Documents sufficient to show the identity, and location by city, of each individual within Texas or the Western District of Texas, that is or was directly involved in any of the design, development, creation, manufacture, or testing of Google Assistant as implemented on any Accused Instrumentality, or any component or feature thereof, including the development or design of the business, functional, and technical specifications, such as instructions, manuals, or guides for using, of Google Assistant as implemented on such Accused Instrumentalities, and describing the nature of such activities.

Dkt. 72-1. A request for Google to produce documents that identify essentially anyone who has ever been involved in any manner with Google Assistant is not "narrowly tailored" to the issues to be decided on Google's motion to transfer, which properly focuses on the convenience of key witnesses. Employees who, for instance, worked on designing Google Assistant graphics, or performed product testing to ensure that the products are not defective, as this request seeks, do not have relevant information on the core Google Assistant functionality at issue in this litigation, and thus will not be witnesses in this case. As another example, Interrogatory No. 2 to Google states:

> **INTERROGATORY NO. 2:**
> Identify, and provide the location, job description, and address, of each individual within Texas or the Western District of Texas, with personal knowledge relating to (a) the Accused Instrumentalities or Google Assistant, and (b) Your marketing and sales, including Your marketing channels and materials, sales process, revenues, costs, and profits associated with the sales, and/or marketing of the Accused Instrumentalities or Google Assistant, whether in Texas, the Western District of Texas, or elsewhere in the United States.

Dkt. 72-1. Asking Google to identify anyone in the state of Texas with "personal knowledge" relating to "Google Assistant" or the "Accused Instrumentalities" (encompassing, *inter alia*, Google Pixel phones and Nexus phones, Google Home devices, Nest devices, Google tablets, and Google laptops) is so broad that it could encompass any individual who owns or uses those products, including a consumer of those products. Once again, this request is neither tailored to the narrow

question of which forum is more convenient for this litigation nor likely to produce facts material to the venue determination. On top of its overly broad interrogatories and requests for production, Parus's request for a Rule 30(b)(6) deposition on similarly burdensome topics is onerous and unjustified.

Finally, Parus's request for discovery from LG is unfounded, given that LG has identified the sole work-from-home sales employee with any possible relevance in WDTX.

Parus's discovery requests are *far* broader than those that have been rejected by other courts. In *ETS-Lindgren*, the court rejected broad discovery that "seeks discovery of [the defendant's] activities in Texas and this District . . . that are related to the sale, offers to sell, use, manufacture or importation" of the accused product. 2015 WL 6756186, at *5. Similarly, in *Via Vadis*, the court rejected broad jurisdictional discovery relating to suppliers where the plaintiff "fail[ed] to identify which suppliers may have facts relevant to the transfer analysis or how such facts might be relevant to support this action remaining in this court." 2015 WL 10818675, at *3. The Eastern District of Texas has rejected broad jurisdictional discovery "with respect to Defendants' contacts with the State of Texas," "with respect to Defendants' activities in the State of Texas," and "Defendants' conduct of business in the State of Texas generally and as related to the subject matter of this civil action." *WorldVentures Holdings, LLC v. Mavie*, 2018 WL 6523306, at *12 (E.D. Tex. Dec. 12, 2018) (explaining that "Plaintiffs have not made any attempt to justify *why* they should be entitled to the discovery they seek") (emphasis in original). Other districts are in agreement. *See, e.g.*, *Green Source Holdings, LLC v. Ingevity Corp.*, 2019 WL 1995402, at *5 (W.D. Ark. May 6, 2019) (denying venue discovery where the plaintiff "indicates vaguely that it will 'learn more about where [the accused product] is made, sold, shipped, stored, and used,'" in light of the "lack of any concrete proffer" from the plaintiff).

Against these decisions, Parus argues that it is entitled to anything "reasonably calculated to lead to the discovery of admissible evidence." Mot. at 7, citing *Guerra v. Balfour Beatty Cmtys., LLC*, 2015 WL 13794439, at *2 (W.D. Tex. Nov. 19, 2015). But Parus cites a defunct standard. Rule 26 as currently amended allows for discovery only if it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, *Guerra* addresses the scope of merits discovery, which is inapplicable as jurisdictional discovery is narrower in scope. Specifically, for discovery on jurisdiction or venue, "a plaintiff is entitled to discovery only if she shows the request is likely to produce facts needed to withstand" the defendant's motion. *Woodall*, 2010 WL 11601282, at *4; *Freeman*, 556 F.3d at 341. Parus alternately cites to *Blitzsafe Texas LLC v. Mitsubishi Electric Corp.* to suggest that it should be allowed such sweeping discovery. 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019). But unlike here, the defendant in *Blitzsafe* did not dispute that the proposed discovery was not "overbroad, oppressive, impractical, or otherwise inappropriate." *Id.* at *4. Moreover, *Blitzsafe* relies on *Alpine View Co. v. Atlas Copco AB*, which affirmed a district court decision ***denying*** venue discovery "where discovery sought could not have added any significant facts." 205 F.3d 208, 221 (5th Cir. 2000) (citation omitted). Here, Parus's requests for discovery are no different. Parus fails to explain what facts significant to the venue analysis will come from the overbroad discovery it seeks.

Parus's approach to venue discovery is an impermissible fishing expedition. Parus proceeds without a specific theory of the people who might be key witnesses, trying to summon anyone in the state of Texas with even an irrelevant, tangential connection to Google Assistant. Parus's requested discovery is not narrowly tailored to a particular factual need. Further, Parus fails to identify what additional facts are truly material to the venue analysis. The Court is fully empowered to deny overbroad venue discovery that rests on "bare allegations" if "such discovery will be a fishing expedition." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 874 (E.D. Va.

2013); *see Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 934 (E.D. Va. 2017) (declining to order a "fishing expedition" where the plaintiff "[l]ack[ed] any threshold showing" impacting the venue factors). For this additional reason, Parus's requests should be denied.

## II. PARUS'S MOTION SHOULD BE DENIED BECAUSE PARUS FAILED TO COMPLY WITH THIS COURT'S PROCEDURES

Parus's motion should also be denied for a more basic reason—Parus violated the letter and spirit of the Court's order regarding discovery disputes (Dkt. 38 at 3) by filing its motion without (1) engaging in a good-faith, lead counsel meet and confer to resolve the dispute or (2) contacting the Court to arrange a telephone conference to summarize the dispute and the parties' respective positions. When a party fails to comply with a court's procedures for requesting discovery, the court may properly deny that party's request based on that procedural failure alone. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1022 (Fed. Cir. 2009) (affirming the district court's denial of jurisdictional discovery "because there was no formal motion for jurisdictional discovery" despite efforts by the district court to advise plaintiff on the proper procedure). The Court clearly stated that when the parties cannot resolve a discovery dispute, the procedure for raising that dispute begins with a telephone call to the Court. *See* Declaration of Bill Trac, Ex. 1, Dec. 20, 2019 Hr'g Tr. at 5:8-7:12. Parus's motion should be denied for at least failing to comply with the Court's procedure.

## III. CONCLUSION

Parus's unsupported and unreasonable request for venue discovery should be denied.

Dated:  January 24, 2020                         /s/ Steve McConnico

Steve McConnico
Texas State Bar No. 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice*)
dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice*)
mliang@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendants Google LLC, LG Electronics Inc., and LG Electronics U.S.A., Inc.***

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 24, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                */s/ Steve McConnico*
                                                Steve McConnico