IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PARUS HOLDINGS INC.** § | |
| *Plaintiff,* § | **CIVIL ACTION 6:19-CV-00432-ADA** |
| § | **Lead case** |
| **v.** § | |
| § | **CIVIL ACTION 6:19-CV-00437-ADA** |
| **LG ELECTRONICS INC. AND LG** § | **Member case** |
| **ELECTRONICS U.S.A., INC.** § | |
| *Defendant* § | |

**ORDER GRANTING DEFENDANT LG'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Came on for consideration this date the Motion of Defendant LG Electronics Inc. and LG Electronics U.S.A., Inc. ("LG") to transfer under 28 U.S.C. § 1404(a) filed on January 3, 2020. ECF No. 62. Plaintiff Parus Holdings Inc. ("Parus") filed its response on January 10, 2020 (ECF No. 70, and Parus replied on January 9, 2020 (ECF No. 69). After careful consideration of the arguments made, the Court **GRANTS** LG's motion to transfer the case to the Northern District of California.

**I.     Factual Background and Procedural History**

Parus filed its original complaint on July 22, 2019. Pl.'s Compl., ECF No. 1. On October 21, 2019, Parus submitted its amended complaint alleging infringement of two patents-in-suit.[1] Pl.'s Am. Compl. at 1. ECF No. 28. Parus alleges that LG makes, uses, sells, and/or offers for sale its smartphone products implementing the Google Android operating system, including the Google Assistant. Pl.'s Compl. at 1, ECF No. 1. Parus alleges that Google Assistant has infringed upon

---

[1] 3 U.S. Patent No. 7,076,431 (the "'431 Patent") and 9,451,084 (the "'084 Patent"), (collectively, the "Asserted Patents"). ECF No. 1 at ¶ 3.

1

the asserted patents. *Id.* at 3–17, 17–29. According to the Complaint, the Asserted Patents enable users to search and retrieve publicly available information by controlling a web browsing server using spoken voice commands. *Id.* Additionally, these technologies incorporate a methodology that allows for the detection of changes from the websites and adapt those changes in real-time. *Id.* Finally, the technology allows users to control and monitor household devices connected to a network using verbal commands through a voice-enabled device. *Id.*

On December 20, 2019, this Court ordered the consolidation of this case with four related actions in the interests of justice and convenience of the parties. Pl.'s Am. Compl. ECF No. 34. On January 3, 2020, LG filed its Motion to Transfer Venue under 28 U.S.C. § 1404(a) requesting that the case be transferred to the Northern District of California ("NDCA"). Def.'s Mot. at 1, ECF No. 62.

## II.    Standard of Review

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*")("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Courts may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 16, 2019).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10, 315 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial

3

division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III.   Discussion regarding transfer to the Northern District of California

As a preliminary matter, neither party contests the fact that venue is proper in NDCA and that Parus could have filed this action in NDCA.

#### a.   Relative ease of access to sources of proof

In considering the relative ease of access to proof, a court looks to where the parties store documentary evidence, such as documents and physical evidence. *Volkswagen II*, 545 F.3d at 316.

LG argues that this factor weighs heavily in favor of transfer for several reasons. First, LG points out that the action against LG is reliant upon the asserted technology as developed by Google in the form of Google Assistant, and that Google researches, designs, develops, and tests Google Assistant in NDCA. Def.'s Mot. at 8, ECF No. 62. LG also points out that two of five Parus executives live in the San Francisco Bay area. *Id.* Based on this contention, LG infers that most of Parus' documents relevant to this case are located in NDCA. *Id.* Finally, LG points out that all of the prior art witnesses and evidence are in NDCA, and that there is no relevant evidence, witnesses, or documents in the WDTX. *Id.*

Counter to LG's contentions, Parus argues that LG has not shown that it is clearly more convenient to access sources of proof in NDCA than this district. Pl.'s Resp. at 4, ECF No. 70. Parus states that LG has not shown that it would be difficult or burdensome to access any documents electronically, nor has it shown that any specific relevant documents are in NDCA. *Id.*

4

Further, Parus asks the Court to discount the distance that some documents may have to travel because access to documents found on a server can be instantaneous. Pl.'s Resp. at 5, ECF No. 70. Parus additionally argues that LG is misguided in stating that Parus witnesses, certain prior art witnesses, and associated evidence are in NDCA. *Id.* Parus says that their executives and other potentially relevant witnesses reside in several states throughout the country and that an inventor of the asserted patent lives in New Hampshire. *Id.* Finally, Parus argues that the Court should give the location of prior art witnesses little weight. *Id.*

In its reply, LG claims that Parus does not provide any evidence that WDTX is a more convenient source of proof than NDCA. Def.'s Reply at 4, ECF No. 68. LG states that Parus concedes that its executives and employees are in NDCA and that NDCA is also home to key LG, Google, and other third-party witnesses whose documents and evidence are located in NDCA as well. *Id.* LG claims that its documents relevant to this case are significantly harder to access from WDTX than from NDCA because LG has no offices, facilities or relevant employees in WDTX. *Id.*

Parus relies upon the language as previously stated in this Court, referring to the modern-day patent litigation circumstances which surround document and information evidence. *See Fintiv, Inc. v. Apple, Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 10, 2019) (Albright, J) ("In modern patent litigation, all (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party produces these documents. In modern patent litigation, documents are located on a server, which may or may note in the transferee district . . . and are equally accessible from both the transferee and transferor districts."). While the court recognizes the relevance of this element in the current day, it must adhere to the precedent of the Fifth Circuit when considering the location

of relevant documents and information. *See, e.g., Volkswagen II*, 545 F.3d at 316. Thus, the court finds that the "relative ease of access to sources of proof" slightly weighs in favor of transfer for the following reasons.

LG asserts that Google researches, designs, develops, and tests Google assistant in NDCA. Further, LG claims that LG integrates Google Assistant into its Android products in NDCA. Given that LG is the accused infringer by integrating Google Assistant into its products, it is likely that LG and Google will have the bulk of the documents relevant to this case in NDCA. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). Therefore, the Court finds that the location of the documents relevant in this case weighs towards transfer.

Second, the Court finds that, for party witnesses, NDCA and WDTX are equally convenient. This Court looks at the totality of the circumstances, including but not limited to, the witness's title and relevant experience, the likelihood that a witness may have relevant information, the number of witnesses, the location of those witnesses, whether the testimony of the witnesses goes to an element of a claim, the amount of public information available to the parties, *etc. Fintiv*, 2019 WL 4743678, at *5 While LG has identified several employees in NDCA with relevant information, Parus asserts that there are Google engineers who reside within WDTX who have personal knowledge regarding the functionality of Google assistant. Pl.'s Resp. Ex. E-G., ECF No. 70. Because the parties have identified potential witnesses in both NDCA and WDTX, the Court finds that party witnesses are neutral in terms of transfer.

Given that the location of the documents favors transfer and the party witnesses' factor is neutral, the Court finds that the relative ease of access to sources of proof slightly favors transfer to NDCA.

### b. Availability of compulsory process to secure the attendance of witnesses

"In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." *Fintiv*, 2019 WL 4743678, at *5 (citing *Volkswagen II*, 545 F.3d at 316). A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (B); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

LG relies upon the subpoena power of NDCA over the executives of three important companies that sold widely available prior art systems and four specific developers of SRI's prior art Open Agent Architecture system to argue that this factor weighs in favor of transfer. Def.'s Mot. at 9, ECF no. 68. LG claims that these parties are within the subpoena power of NDCA, but not the trial subpoena power of this Court. *Id.* Therefore, LG states that this Court could not compel these witnesses to testify if the case is not transferred. *Id.* Moreover, LG argues that Google engineers who are the key witnesses with knowledge of how the accused technology works are only within the subpoena power of NDCA. LG asserts that it is not aware of any relevant third-party witnesses in WDTX. *Id.*

Parus contends that this factor is neutral at best for LG. Pl.'s Resp. at 6, ECF No. 70. Parus argues that the location of prior art witnesses should not be given much weight. *Id.* Further, Parus notes that the compulsory process factor focuses on unwilling non-party witnesses. *Id.* There is nothing in the record that indicates that Google employees would be unwilling non-party witnesses. *Id.* Parus states that, if the Court denies Google and LG's motions, Google will have a strong incentive to willingly provide witnesses in the LG case because LG and Google collaborate extensively to implement Google technology into LG products. *Id.* Therefore, Parus concludes that Google witnesses are not indeed unwilling third parties. *Id.*

In its reply, LG asserts that Parus fails to dispute that the key Google engineers and prior art witnesses are not within the subpoena power of WDTX. Def.'s Reply at 4, ECF no. 68. LG contends that Parus is misguided in trying to minimize the importance of the subpoena power. *Id.* Rather, LG states that the court should weigh in favor of transfer when more third-parties reside within the transferee venue than the transferor venue. *Id.*

After considering the parties' arguments, the Court finds that this factor is neutral for the reasons as follows. Because prior art witnesses are very unlikely to testify (and that LG may have cherry-picked them to begin with), the Court gives their location "minimal" weight. *East Tex. Boot Co., LLC v. Nike, Inc.*, No. 2:16-cv-0290-JRG-RSP, 2017 WL 28559065 at *4 (E.D. Tex. Feb. 15, 2017). Accordingly, prior art witnesses do not weigh for or against transfer. Further, while LG points to Google employees as witnesses within the subpoena power of NDCA, the Court is reluctant to give these witnesses weight. Google collaborates with LG to implement its technology into LG products, which makes it unlikely that the employees would be unwilling to testify at a trial concerning LG. Though Google engineers are technically non-party witnesses for the purpose of this order, there is pending action against Google regarding the same asserted technology in this

case, which the Court consolidated with several other actions involving the same patents-in-suit. The consolidation of this case means that, although technically a third party, Google engineers would likely not be unwilling to testify. Therefore, the Court finds that the availability of compulsory process to secure the attendance of witnesses is neutral.

### c. Cost of attendance for willing witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 1343. The Court gives the convenience of party witnesses little weight. *See ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010).

LG argues that the convenience of willing witnesses overwhelmingly favors transfer to NDCA. Def.'s Mot. at 5, ECF No. 62. Because the accused technology is researched and designed by Google, LG argues that the testimony of Google engineers is essential to this litigation. LG points to several prior art witnesses who are located in NDCA to say that this element weighs in favor of transfer. *Id.* LG also states that the LG witnesses who are knowledgeable about the accused functionality are in NDCA and that Parus witnesses also live in NDCA. *Id.* Based on these contentions, LG asserts that it is more convenient for witnesses to testify at home and that, absent transfer, all of the aforementioned parties and third parties would have to fly and drive to Waco,

increasing travel expense and decreased employee activity. *Id.* at 6. LG then continues to describe the level of inconvenience posed by making the parties and third parties travel to WDTX. *Id.* Finally, LG states that no relevant witness is at home in WDTX and that Parus did not identify any relevant witnesses at home in WDTX. *Id.* at 7.

Parus argues that LG relies far too heavily on technical witnesses and ignores potential witnesses related to other prevalent issues surrounding the case. Pl.'s Resp. at 7, ECF No. 70. Parus asserts that LG's argument is founded upon the knowledge of Google witnesses who may have knowledge of the technological aspects of the alleged infringing technology, but not an understanding of the other elements of the claims such as speech recognition. *Id.* Parus points out that "Google concedes that additional engineers located in Google offices around the world work on the narrow task of summarizing web page excerpts" to conclude that it is entirely plausible that Google employees or consultants have relevant information about the Accused Products. *Id.* Parus further explains that LG is misguided in stating that NDCA is more convenient for both parties' witnesses because Parus is headquartered in Illinois with its employees and officers in more than a half dozen states throughout the country. *Id.* Moreover, Parus states that its lead scientist and inventor of the Asserted Patents resides in New Hampshire. Finally, Parus notes that both officers who reside in NDCA are willing to appear in this district and that this district is a more central location than NDCA for all potential witnesses. *Id.* at 8.

The court finds that this factor weighs slightly in favor of transfer. The prior art and party witnesses that the parties identified do not receive much weight when considering the determination of this factor. *Fintiv*, 2019 WL 4743678, at *5 This Court has expressed that the it should not give the convenience of these witnesses any weight "because prior art witnesses are very unlikely to testify" at trial. *Id.* Therefore, the court declines to assign weight to prior art

witnesses. The convenience of Parus and LG witnesses are also given little weight. The court finds that the convenience of LG and Parus witnesses is neutral in this factor.

LG relies on the convenience of Google witnesses in NDCA to assert that NDCA is more convenient. Under this factor, "it is the convenience of non-party witnesses, rather than of employee witnesses, however, that is the more important factor accorded greater weight." *In re Triton Ltd. Sec. Litig.,* 70 F.Supp.2d 678, 690 (E.D.Tex.1999). Therefore, the Court must give more weight to the convenience of Google engineers as witnesses identified by LG than that of the party witnesses. The Court recognizes that LG has established that Google would have few potential witnesses in the WDTX and that it would be more convenient for Google engineers to testify in NDCA. This court has recognized that NDCA is the more convenient forum for a high percentage of its employees who may be relevant witnesses. However, this case is consolidated meaning, although Google is technically a non-party for the purposes of this order, they are a party to the consolidated suit. Order Consolidating Cases, ECF No. 48. Therefore, if this case were a part of a separate action in which Google was a complete non-party to the suit, the Court would assign significant weight to the location and convenience of Google engineers and witnesses under this factor. However, because this is a consolidated action, Google is not a wholly disconnected third party. The Court cannot weigh the convenience of Google witnesses as heavily as it would if this were a separate action.

Given the little weight that party and prior art witnesses have in the analysis of this factor combined with the appropriate weight given to Google engineers as third party witnesses who would be best served by a transfer to NDCA in the context of the consolidation of this case, the Court finds that this factor weighs slightly in favor of transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

In this factor, the court considers the practical problems that make a trial easy, expeditious, and inexpensive for private parties. *In re Genentech, Inc.*, 566 F.3d at 1342. "Judicial economy is served by having the same district court try the cases involving the same patents." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

LG argues that judicial economy weighs in favor of transfer to NDCA for two reasons. Def.'s Mot. at 9, ECF No. 62. First, the case is in its early stages, and transfer at this point would not cause delays. *Id.* Second, NDCA is significantly more convenient for all of the cases that have been filed by Parus alleging infringement upon the patents in suit. LG makes this argument based off of other parties consolidated in this suit. LG claims that NDCA is clearly a more convenient forum for LG, Google, Samsung, and Apple, and is therefore the most practical venue for all Parus litigations. *Id.* LG points to the strong ties of all parties to NDCA and the alleged nonexistent ties to WDTX to claim that this factor weighs in favor of transfer. *Id.* at 10.

In its response, Parus argues that Judicial economy dictates that the Court should deny LG's transfer request for several reasons. Pl.'s Resp. at 8, ECF No. 70. First, Parus notes that LG's argument related to the other 1404 motions is not sound because these transfer motions are pending, and each individual defendant bears its own burden of showing that NDCA is clearly more convenient than this district. *Id.* Second, Parus argues that this Court has already invested significant time and resources into this litigation, which favors denial of transfer. *Id.* Parus argues that when there is co-pending litigation before the trial court involving the same patent and

12

underlying technology, the judicial economy factor has heightened importance. *Id.* Thus, multiple suits involving the same or similar issues may create practical problems that will weigh heavily against transfer. *Id.* at 9.

In its reply, LG asserts that Parus has mischaracterized the current action within this Court as being "significant motion practice" when in reality, the case is still in its early stages. Def.'s Reply at 5, ECF No. 68.

The Court finds that this factor is neutral. In considering the presence of co-pending litigation, the Court must also consider the presence of co-pending motions to transfer. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) ("Based on the district court's rationale, therefore, the mere co-pendency of related suits in a particular district would automatically tip the balance in non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits. This cannot be correct."). While all other defendants have filed motions to transfer venue to NDCA, these motions are still pending.[2] This means that LG's argument stating that NDCA is clearly more convenient for all parties related to this suit does not apply. Each defendant has the burden to show that its chosen venue is more convenient than the WDTX, and the Court will provide an independent evaluation of its motion to transfer on the merits. Therefore, the presence of co-pending litigation is neutral with respect to transfer. Further, this case is in its early stages, meaning any increase in judicial economy from the Court's experience in these early stages of litigation is likely to be limited. The Court finds that "all other practical problems that make trial of a case easy, expeditious and inexpensive" is neutral.

---

[2] ECF No. 55, ECF No. 42, ECF No. 60, ECF No. 75.

### e. Administrative difficulties flowing from court congestion

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). In its motion, LG admits that this Court's time-to-trial is currently 25% faster than the NDCA. Def.'s Mot. at 10, ECF No. 62. Despite their admission, LG argues that this factor should be given the least weight because the Federal Circuit has held that time to trial is the most speculative factor. *Id.* In its response, Parus agrees that the time-to-trial favors retention but that this factor should not be given the least weight. Pl.'s Resp. at 9, ECF No. 70.

Because the time-to-trial statistics in this Court is currently 25% faster than the NDCA, the Court finds that this factor weighs against transfer.

### f. Local interest in having localized interests decided at home

In its motion, LG argues that the NDCA has a stronger local interest in this litigation than the WDTX because third-party Google developed the accused Google Assistant feature in the NDCA. Def.'s Mot at 10, ECF No. 62. Moreover, LG claims that it has offices in NDCA where it integrated the accused functionality into their products. *Id.* In its response, Parus argues that LG incorrectly downplays Google's presence in WDTX. Pl.'s Resp. at 10, ECF No. 70. Particularly, Parus points to the properties that Google owns and the fact that Google is a significant employer in the region "with more than 1,100 employees" working in a variety of technical and non-technical roles. *Id.* Parus also points to Google recently signing a lease for nearly 900,00 square feet of office space within WDTX, including an entire 35 story tower in Austin. *Id.*

In its reply, LG contends that the local interest factor weighs in favor of transfer to a venue where there are significant connections between the particular venue and the events that gave rise to the suit. Def.'s Reply at 5, ECF No. 68. Thus, LG argues that because the NDCA is where

Google researched, designed, and developed the accused functionality, and where LG integrates Google Assistant into its products, the local interest factor favors transfer to the NDCA. *Id*.

The Court finds that this factor is neutral. Google undoubtedly has a large presence in this district. Parus shows that Google will have the capacity for 5,000 employees in Austin by 2023 and that they already have a large skyscraper with its logo downtown. *Id.* Therefore, Google is "local" in WDTX. However, LG integrates Google Assistant into their products in offices within NDCA. Given that LG relies heavily on Google's technology and Google's presence in both districts is neutral, but LG integrates Google Assistant into their products within NDCA, this factor weighs very slightly towards transfer.

The Court also finds that Parus does not have a significant presence in either district. While Salil Pradhan, Parus's former Chief Technology Officer, and Darius Reneau, Parus's Chief Marketing Officer, were once located in the San Francisco Bay Area, Mr. Pradhan is no longer employed by Parus, and Mr. Reneau now lives in Arizona. Parus has identified no relevant connections to the WDTX. Therefore, Parus's contribution to this factor is also neutral.

The Court finds that the "local interest in having localized interests decided at home" is very slightly in favor of transfer.

### g. Familiarity of the forum with the law that will govern the case

Both parties agree that this factor is neutral. ECF No. 62 (LG), ECF No. 70 (Parus). The Court also agrees.

### h. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law

Both parties agree that this factor is neutral. ECF No. 62 (LG), ECF No. 70 (Parus). The Court also agrees.

## IV. Conclusion

Having found that (1) access to proof, cost of attendance of witnesses, and local interests slightly or very slightly in favor of transfer; (2) court congestion weighs against transfer; and (3) all other factors being neutral, the Court finds that LG has met its burden to demonstrate that NDCA is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314 n.10, 315; *QR Spex*, 507 F. Supp. 2d at 664.

It is therefore **ORDERED** that LG's motion for transfer venue to the Northern District of California is **GRANTED**. It is further **ORDERED** that LG's above-styled case be **TRANSFERRED** to the Northern District of California.

**SIGNED** this 6th day of August, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE